TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000247-KB

FINAL

DATE 9/6/17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


CARL WAYNE GIBSON                                    RESPONDENT


## OPINION AND ORDER

The Inquiry Commission issued a four-count charge against Carl Wayne

Gibson[1] on June 12, 2015, alleging he violated Supreme Court Rules (SCR)

3.130(1.3), 3.130(1.4)(a)(3), 3.130(1.4)(a)(4), and 3.130(8.4)(c). Gibson filed an

Answer admitting to the factual allegations but denying that he violated any

rules of professional conduct. His case was submitted to a Trial Commissioner,

who recommended the following sanctions: (1) a thirty-day suspension from the

practice of law; (2) refunding fees to his client for failing to perform the agreed-

upon legal services; and (3) payment of the costs of the disciplinary

proceedings.

---

[1] Gibson's mailing address is 47 South Main Street, Suite 201, Winchester, Kentucky 40391, and his KBA Member No. 89467.

The Trial Commissioner issued his report on April 25, 2017. Under SCR 3.360(4), either party may file a notice of appeal with the Disciplinary Clerk. If no notice is timely filed, the record is forwarded to the Supreme Court for entry of final order under SCR 3.370(9), which provides that "If no notice of review is filed by either of the parties, or the Court...the Court *shall* enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters." Neither Gibson nor the KBA filed a notice of appeal from the Trial Commissioner's report, and upon a full examination of the record, this Court declines to take further review. So, under the terms of SCR 3.370(9), we now adopt the Commissioner's findings of fact and recommended sanctions verbatim.

### FINDINGS OF FACT

1. The Respondent, Carl Wayne Gibson, was admitted to the Kentucky Bar Association on October 11, 2002.
2. Mr. Michael Todd Dove hired the Respondent in March of 2014 and paid the Respondent approximately $680.00 to represent him in an uncontested divorce action. Such fee paid by Mr. Dove included $500.00 for legal services and a $176.00 filing fee.
3. Mr. Dove and his now ex-wife finalized and signed all necessary paperwork pertaining to the divorce by May 5, 2014.
4. The Respondent text messaged with Mr. Dove regarding the proceedings. On April 11, 2014, the Respondent texted Mr. Dove and stated that, "Judge has it for review. His clerk will call if he has questions. If not, he will have it wrapped up soon." The Respondent apologized to Mr. Dove via text message on April 22, 2014 and advised Mr. Dove that he was in Court at the moment and would stop by the Judge's office that day to check the status of the matter. Mr. Dove requested status updates via text message on April 24, May 1, May 6, and May 19, 2014. The only response to those text messages by the Respondent was on May 19, 2014, at which time the Respondent stated he would try to get in and see the Judge and stated, "If not, I will just go on and put it on the calendar."
5. The Respondent did prepare a Petition for Dissolution of Marriage, which was signed by Mr. Dove and his now ex-wife

2

and an Entry of Appearance and Waiver of Service which was signed by his now ex-wife which were finally filed with the Clark Circuit Court on or about June 5, 2014. No documents were filed in the divorce action prior to June 5, 2014.

6. On June 5, 2014, the Respondent advised Mr. Dove via text message that he had filed a Motion to be heard on July 8, 2014. The Respondent has provided no explanation as to what Motion he filed that was to be heard on July 8th and the Court record from the divorce action reveals that no Motion was filed by the Respondent.

7. On July 8, 2014 and July 9, 2014, Mr. Dove and the Respondent communicated by text message, at which time the Respondent indicated to Mr. Dove that "everything went fine," that the Judge did not "indicate any issues" and that "I will know for sure in the next day or so."

8. Mr. Dove attempted further communications with the Respondent and attempted to get updates and reports regarding the status of his divorce from the Respondent throughout July and early August, without any response from the Respondent.

9. Mr. Dove contacted the Clark Circuit Court Clerk several times on his own and was advised that a couple of additional items were still needed in order for the divorce to be finalized. Mr. Dove then retained new counsel to finish his divorce.

10. The Court granted Mr. Dove's new counsel's Motion to Substitute Counsel and signed and entered Findings of Fact, Conclusions of Law and Decree for Dissolution of Marriage on September 24, 2014.

11. SCR 3.130(1.3) provides, "A lawyer shall act with reasonable diligence and promptness in representing a client." Despite the fact that Mr. Dove and his now ex-wife finalized and signed the necessary paperwork for the divorce action by March 5, 2014,[2] the Respondent did not file any of the divorce documents with the Clark Circuit Court Clerk until June 5, 2014. Thereafter, the Respondent never filed any Motion to put the divorce action on the Court's docket in order for a Decree of Dissolution of Marriage to be entered. Such delays and inaction constitute a violation of SCR 3.130(1.3).

12. SCR 3.130(1.4)(a)(3) provides that, "A lawyer shall keep the client reasonably informed about the status of the matter." As found and outlined above, the Respondent repeatedly failed to respond in a timely manner to inquiries made by his client and often failed to respond to him at all. Eventually, inquiries had to be made by the Respondent's client to the Circuit Court Clerk

_____

[2] We acknowledge the conflicting dates in the findings of fact, but given the limited record presented to the Court, we are not in a position to correct these findings.

3

due to the failure of the Respondent to respond to his client. In addition, when the Respondent did respond to his client's inquiries, his responses were often false, particularly when the Respondent indicated to his client that he had filed a Motion to put the matter on the Court's docket in order to be finalized on July 8, 2014 when no Motion had ever actually been filed and when the matter clearly was not going to be finalized by that date. Such actions and inactions by the Respondent constitute violations of SCR 3.130(1.4)(a)(3).

13. SCR 3.130(1.4)(a)(4) provides that, "A lawyer shall promptly comply with reasonable requests for information." Again, as specifically found and stated in the preceding paragraph and as outlined in the paragraphs above, the Respondent repeatedly failed to respond to his client's requests for information in a timely manner, often failed to respond at all and on other occasions responded with false information. Such actions and inactions by the Respondent constitute violations of SCR 3.130(1.4)(a)(4).

14. SCR 3.130(8.4)(c) provides that, "It is professional misconduct for a lawyer to engage in dishonesty, fraud, deceit or misrepresentation." As outlined in the paragraphs above, the Respondent not only represented to his client that all matters had been filed with the Court pertaining to his divorce when they had not yet been filed, but then further represented to him that he had filed a Motion to place the divorce action on the Court's docket on July 8, 2014 in order to finalize the divorce at that point when the Respondent had not done so and, therefore, the divorce could not have been finalized by that date. Such actions constitute violations of SCR 3.130(8.4)(c).

The Trial Commissioner determined that the record establishes by a preponderance of the evidence that Gibson violated all four disciplinary rules. SCR 3.380 describes the degree of discipline available, ranging from private reprimand to permanent disbarment. After careful review of KBA disciplinary precedent and discipline imposed for similar violations, the Trial Commissioner recommended that Gibson be suspended from the practice of law for thirty days, that he refund $250.00 of Mr. Dove's fee, and that he pay the costs associated with this disciplinary proceeding. Because Gibson failed to appeal

4

from the Commissioner's report, we now consider it appropriate to adopt these recommendations as a final order of this Court.

Accordingly, the Court ORDERS that:

1) Carl Wayne Gibson is guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(3), SCR 3.130(1.4)(a)(4), and SCR 3.130(8.4)(c), for which he is suspended from the practice of law for thirty days from the date of this Opinion and Order;

2) Gibson must also refund $250 of the $500 fee that he was paid by Mr. Dove based on his failure to complete the divorce; AND

3) In accordance with SCR 3.450, Gibson is directed to pay all costs associated with these disciplinary proceedings, the sum of $252.02, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 24, 2017.

CHIEF JUSTICE JOHN D. MINTON, JR.